**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Freemyer, an individual, ) | No. 10-CV-1506-PHX-GMS |
| Plaintiff, ) | **DEFAULT JUDGMENT** |
| vs. ) | |
| Kyrene Village II, LLC, a Delaware ) limited liability company, ) | |
| Defendant. ) | |

Before the Court is United States Magistrate Judge Lawrence O. Anderson's Report and Recommendation ("R & R"), filed on January 6, 2011. (Doc. 22)  The R & R recommends that default judgment be entered in favor of Plaintiff against Defendant. No objections were filed.

The Court has reviewed the R & R and agrees with the Magistrate Judge's determinations. Accordingly, the Court will accept the R & R and directs the entry of this Default Judgment. See, 28 U.S.C. § 636(b)(1) (stating that a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Anderson, doc. 22, is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant Kyrene Village II LLC, its successors, and/or assigns, shall modify the "Kyrene Village" shopping center, located at the

1  southwest corner of Chandler Boulevard and Kyrene Road, Chandler, Arizona. The
2  modifications shall occur by no later than six (6) months after entry of this Default Judgment,
3  and shall involve the removal of the following barriers to accessibility:

      1.    In front of Regal Beagle (facing north), the access aisle serving the "accessible" parking spaces contains a curb ramp with a running slope of 7.9%, in excess of the 2.0% maximum for accessible parking spaces and access aisles. Defendant shall demolish and remove curb ramp from access aisle, resurface and repaint asphalt underneath; renovate adjacent concrete sidewalk to provide new, "L-shaped" sidewalk ramp (proceeding east with one leg of the "L" and south with the other leg of the "L") with level landing at sidewalk adjacent to top of current west parking space, which parking space would become the new, repainted access aisle.

      2.    In front of Dollar Tree, the access aisle serving the "accessible" parking spaces contains a curb ramp with a running slope of 7.1%, in excess of the 2.0% maximum for accessible parking spaces and access aisles. Defendant shall demolish and remove curb ramp from access aisle, resurface and repaint asphalt underneath; renovate adjacent concrete sidewalk to provide new alley curb ramp.

      3.    In front of the former Basha's space, there are two "built-up" style curb ramps that extend into the vehicular traffic lane. Defendant shall saw cut at the face of the curbs the portion of the concrete ramps that extend into traffic, and resurface asphalt underneath.

      4.    In front of Audio Express, the sidewalk curb ramp has a running slope of 14.0%, in excess of the 8.33% maximum. In addition, the asphalt immediately adjacent to the base of the ramp has a running slope of 7.7%, in excess of the 5.0% maximum. Defendant shall demolish and remove existing steep curb ramp and replace with a new compliant alley ramp with running slope of less than 8.33%; remove existing asphalt adjacent to base of ramp and resurface with slopes less than 2.0% in all directions.

      5.    In front of Kyrene Lanes, all three sidewalk curb ramps are too steep: the south curb ramp has a running slope of 11.3%, in excess of the 8.33% maximum, and a side flare slope of 26.3%, in excess of the 10% maximum. The center ramp (immediately in front of the entrance) has a running slope of 9.1%. The north curb ramp has a running slope of 10.1%. Defendant shall demolish and remove existing center ramp to provide at least one accessible entrance, and replace with a compliant alley curb ramp with a running slope of less than 8.33%.

      6.    The "accessible" parking spaces serving the north curb ramp in front of Kyrene Lanes have running slopes in excess of the 2.0% maximum: the south space has a running slope of 7.9% and the north space has a running slope of 3.6%. Defendant shall excavate, remove, repave and re-stripe parking spaces so slopes are less than 2% in all directions.

      7.    The sidewalk curb ramp serving Corvette Cafe and Lounge has a running slope of 11.4%, in excess of the 8.33% maximum. Defendant shall demolish and remove existing steep curb ramp and replace with a new

compliant alley ramp with running slope of less than 8.33%.

  8. The "accessible" parking space serving Corvette Cafe and Lounge has a running slope of 6.0%, in excess of the 2.0% maximum. Defendant shall excavate, remove, repave and re-stripe parking space so slopes are less than 2% in all directions.

  9. The sidewalk curb ramp serving Queens Bowl restaurant has a running slope of 11.0%, in excess of the 8.33% maximum  Defendant shall demolish and remove existing steep curb ramp and replace with a new compliant alley ramp with running slope of less than 8.33%.

  10. The sidewalk curb ramp in front of India Gate (serving as part of the "accessible" route from Chandler Boulevard) has a running slope of 10.4%, in excess of the 8.33% maximum. The curb ramp also has a side flare slope of 15.5%, in excess of the 10.0% maximum. Defendant shall demolish and remove existing steep curb ramp and replace with an "L-shaped" ramp with compliant slopes.  The bottom level landing of the "L" should run north/south, to be accessed from the south (from the location of the current adjacent parking space, which have to be designated as an access aisle), and then proceed uphill and west for the length of the "L." Five feet of curbing to be added in the location of the current ramp's east edge.

**IT IS FURTHER ORDERED** that Defendant Kyrene Village II LLC shall pay Plaintiff the sum of $12,634.94 for an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. 12205, with interest thereon at the annual federal rate from the date of entry of the Default Judgment until paid in full.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action, except that the District Court retains jurisdiction of this matter to enforce the terms of this Default Judgment, if necessary.

DATED this 20th day of January, 2011.

_____
G. Murray Snow
United States District Judge